# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2013

No. 12-20140
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RHONDA FLEMING,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-513-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, now federal prisoner # 20446-009, appeals the district court's denial of her second motion for new trial based on newly discovered evidence. A jury found Fleming guilty of one count of conspiring to commit health care fraud and wire fraud, 35 counts of aiding and abetting health care fraud, 10 counts of aiding and abetting wire fraud, 15 counts of concealing money laundering, and five counts of engaging in monetary transactions in property derived from specified unlawful activity, and the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced her to a total term of 360 months in prison and three years of supervised release. This court affirmed the judgment. *United States v. Arthur*, 432 F. App'x 414 (5th Cir. 2011).

The district "court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). We review the denial of a motion for a new trial for an abuse of discretion. *United States v. Piazza*, 647 F.3d 559, 564 (5th Cir. 2011).

Fleming moved for a new trial based on newly discovered evidence "that [she] was medicated during trial in violation of [her] right to due process, both because the medication was without medical need and also because it was involuntary." A panel of this court found on direct appeal that Fleming's due process claim failed because she "*voluntarily* agreed to take her medication as a condition of being allowed to proceed pro se." *Arthur*, 432 F. App'x at 428 (emphasis added). Thus, due process did not require a determination whether the medication was medically appropriate. *Cf. Sell v. United States*, 539 U.S. 166, 179-82 (2003) (holding that defendants have a due process right to avoid the *involuntary* administration of antipsychotic drugs absent a finding, inter alia, that the drugs administered were medically appropriate).

The district court did not err in concluding that Fleming's claims related to her competency to stand trial had been "raised before, and rejected by, the court of appeals on direct appeal." Fleming did not present with her motion for a new trial any evidence material to the question whether her right to due process was violated. *See Sell*, 539 U.S. at 179-80. Accordingly, the district court did not abuse its discretion in denying her motion for a new trial. *See Piazza*, 647 F.3d at 564.

The district court's denial of the second motion for a new trial is AFFIRMED. Fleming's motions for release on bail pending the disposition of this appeal, for a remand to the district court for a proffer hearing on her motion for a new trial, and for a ruling on her motion for release are DENIED as moot.